# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **FLOR PECINA** § | | |
| *Plaintiff* § | | |
| § | | |
| **V.** § | Civil Action No. **2:20-cv-54** | |
| § | **JURY** | |
| **UNITED NATIONAL INSURANCE** § | | |
| **COMPANY,** § | | |
| *Defendant*. § | | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, United National Insurance Company ("Defendant") hereby files this Notice of Removal from the District Court, 156th Judicial District, of Aransas County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.  In support of this Notice, Defendant respectfully shows as follows:

### *Preliminary Statement*

1.   This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claims for damages to her property from Hurricane Harvey.  United National Insurance Company is not a citizen of Texas. Accordingly, there is complete diversity between the parties, and as the amount in controversy exceeds $75,000, removal is proper in this case.

### *Procedural Background*

2.   On August 25, 2019, Plaintiff filed an Original Petition, Jury Demand, Request for Disclosure, Request for Production, Interrogatories, and Request for Admission styled *Flor Pecina v. United National Insurance Company*, Cause No. 19-0277, in the District Court, 156th Judicial

1

District, of Aransas County, Texas.  Defendant was served with the Original Petition on January 31, 2020. Defendant also demanded a trial by jury in its Original Answer filed on February 24, 2020 in the District Court, 156th Judicial District, of Aransas County, Texas.

3. This Notice of Removal has been filed within 30 days after receipt of the Petition as required by 28 U.S.C. § 1446(b).

*Nature of the Suit*

4. This lawsuit involves a dispute over the handling of Plaintiff's insurance claim for damages to her property resulting from a storm.  Plaintiff claims she is entitled to an amount not to exceed $75,000 for claims arising out of alleged damage to her residence sustained as a result of Hurricane Harvey in August 2017.  The insured property is located within Aransas County, Texas, which is within the Southern District of Texas, Corpus Christi Division.  Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code and bad faith against Defendant.  Plaintiff seeks to recover actual damages, exemplary damages, and attorneys' fees.  Defendant generally denies Plaintiff's claims.  Defendant generally and specifically denies Plaintiff's claims, and Defendant has also pleaded a counterclaim against Plaintiff.

5. The storm which allegedly damaged the Plaintiff's property occurred on or around August 25, 2017.  Plaintiff thereafter submitted a claim to Defendant against the Policy covering her property.

6. Defendant assigned an independent adjuster, Francisco Diaz, to adjust the claim.

7. Plaintiff alleges that Defendant was not diligent in investigating Plaintiff's loss and/or paying her claim.

*Basis for Removal*

8.     Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff is a Texas resident who is domiciled in Aransas County, Texas.  *See Plaintiff's Original Petition*, *contained in Exhibit A*.

9.     Defendant is a Pennsylvania company with its principal place of business in Bala Cynwyd, Pennsylvania.  It is a wholly owned, direct subsidiary of American Insurance Service, Inc., a Pennsylvania corporation. Accordingly, Defendant is domiciled in and a resident of Pennsylvania.  *See Affidavit of Eric Kehs*.

10.    There is complete diversity of citizenship between the parties.

11.    This Court has original jurisdiction over this case because it is a suit between citizens/entities of different states, and the claimed damages have the potential to exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a). Although Plaintiff attempts to prevent removal by including in her Petition a statement that she is not seeking an amount in excess of $75,000.00, that attempt is improper insofar as it does not constitute a binding stipulation, and also because seeking a maximum amount not to exceed $75,000.00 is not supported by the facts contained in other documentation as well as the damages sought in the Petition.

12.    The pre-suit Notice of Claim letter demanded economic damages in the amount of $41,020.83. *See Exhibit B, Plaintiff's Notice of Claim Letter*. Plaintiff's Petition seeks treble damages, which, if applied to the alleged economic damages amount previously demanded, would bring the total to $123,062.49. This on its own exceeds the jurisdictional threshold amount. Plaintiff's attempt to put a $75,000 cap on her potential recoverable damages is a clear attempt to simply avoid removal from state court to federal court.

### *The Removal is Procedurally Correct*

13. Defendant was served with the Original Petition on January 31, 2020. Therefore, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

14. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

15. Exhibit "A" to this Notice contains copies of all process and pleadings filed in the state court proceeding in Aransas County, Texas.

16. United National Insurance Company is the sole Defendant in this removed action; consequently, all Defendants join in and consent to this Removal.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the County Courts for Aransas County, Texas and served upon Plaintiff through her counsel of record.

WHEREFORE, Defendant hereby requests that this action be removed from the District Court, 156th Judicial District, of Aransas County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated February 24, 2020

                      Respectfully submitted,

                      /s/ Richard J. Kasson_____
                      RICHARD J. KASSON
                      Attorney-in-Charge
                      State Bar No.  24002392
                      Southern District of Texas Federal ID No. 21614
                      rkasson@gcaklaw.com
                      REBECCA H. ADUDDELL

        State Bar No. 24097280
        Southern District of Texas Federal ID No. 3050524
        raduddell@gcaklaw.com
        **GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.**
        9601 McAllister Freeway, Suite 401
        San Antonio, Texas 78216
        Phone: (210) 569-8500
        Fax:    (210) 569-8490

        **ATTORNEYS FOR DEFENDANT, UNITED NATIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this the **24th** day of **February 2020**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

| | |
|---|---|
| Anthony G. Buzbee | Stephen R. Walker |
| Christopher J. Leavitt | Gregory J. Finney |
| THE BUZBEE LAW FIRM | Juan A. Solis |
| JP Morgan Chase Tower | Law Offices of Manuel Solis, PC |
| 600 Travis, Suite 6850 | 6657 Navigation Blvd. |
| Houston, Texas 77002 | Houston, Texas 77011 |
| Email: tbuzbee@txattorneys.com | Email: swalker@manuelsolis.com |
|        cleavitt@txattorneys.com |        gfinney@manuelsolis.com |
| |        jusolis@manuelsolis.com |

        /s/ Richard J. Kasson_____
        RICHARD J. KASSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOR PECINA<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. __2:20-cv-54__<br>JURY |
| UNITED NATIONAL INSURANCE<br>COMPANY<br>*Defendant.* | §<br>§<br>§ | |

### AFFIDAVIT OF ERIC KEHS

| | |
|---|---|
| STATE OF ARIZONA | § |
| | § |
| COUNTY OF MARICOPA | § |

BEFORE ME, the undersigned authority, on this day personally appeared ERIC KEHS, who, being by me duly sworn, deposed as follows:

"My name is ERIC KEHS. I am over the age of eighteen (18) years, of sound mind, and competent to make this affidavit. I have never been convicted of a felony nor a misdemeanor involving moral turpitude. I am a Property Claims Manager for American Reliable Insurance Company, which was purchased by Global Indemnity Group, Inc. United National Insurance Company is one of Global Indemnity Group, Inc.'s indirect subsidiary insurance companies, and I have personal knowledge of the facts herein stated and they are true and correct.

United National Insurance Company is incorporated in Pennsylvania with its principal place of business in Pennsylvania. United National Insurance Company is not a citizen of Texas."

Further, Affiant sayeth naught.

SIGNED this __24__ day of February, 2020.

_____
ERIC KEHS
Property Claims Manager – American Reliable Insurance Company.

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the __24TH__ day of February, 2020, witness my hand and seal of office.

_____
Notary Public – State of Arizona

LOUIS G. MUELLER III
Notary Public - State of Arizona
PINAL COUNTY
My Commission Expires
February 28, 2022

Affidavit of Eric Kehs - Page 2 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | **LABOR** | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE